IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS E. NOBLE,

Plaintiff,

v. Civ. No. 03-906-SLR

JUDGE EDWARD R. BECKER, et al.

Defendants.

---

THOMAS E. NOBLE,

Petitioner,

v. Civ. No. 16-406-SLR

JOHN SEBASTIAN,

Respondent.

---

THOMAS E. NOBLE,

Plaintiff,

v. Civ. No. 16-407-SLR

THE STATE OF DELAWARE and
GOVERNOR JACK MARKELL,

Defendants.

**MEMORANDUM**

1. **Introduction**. Plaintiff/petitioner Thomas E. Noble ("Noble") filed identical petitions for writs of mandamus in the three above-captioned cases. (Civ. No. 03-906-SLR at D.I. 13; Civ. No. 16-406-SLR at D.I. 29; Civ. No. 16-407-SLR at D.I. 20) He takes exception to an order entered on September 13, 2004 by former United States

District Judge Kent A. Jordan[1] enjoining him from filing any pro se civil rights complaints without prior approval of the court, *see Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12, and that was enforced by this court when he sought to commence actions in derogation of the order. The petition does not indicate what relief he seeks, although it appears he seeks to preclude enforcement of the order that enjoins him from filing pro se civil rights complaints without prior approval of the court.

2. **Background**. As explained by the United States Court of Appeals for the Third Circuit, Nobles is a serial litigator and, in 2016, he filed a series of complaints in this district. *In re Noble*, ___F. App'x ___, 2016 WL 5853269, at *1 (3d Cir. 2016) (unpublished). In Civ. No. 16-406-SLR, Noble filed a "hybrid" lawsuit seeking both federal habeas relief and redress for numerous alleged civil rights violations. Because this court viewed the action as sounding in habeas, it ruled that Noble had improperly attempted to plead claims for damages for alleged civil rights violations in the habeas action, held that the filing injunction barred him from bringing a civil rights action without prior approval, and dismissed the civil rights claims. *Id.* at *1. In Civ. No. 16-407-SLR, Noble commenced a purported class action challenging Delaware's criminal statutes concerning child pornography and challenging the State's policing and enforcement of those laws as a violation of his and others' civil rights. This court dismissed the complaint as a clear violation of the filing injunction, and ordered the clerk to close the case and return Noble's filing fee. *Id.*

---

[1]In 2006, Judge Jordan was elevated to the United States Court of Appeals for the Third Circuit.

3. Noble filed a petition for a writ of mandamus in the appellate court following the rulings that dismissed his civil rights cases. *Id.* at *2. Therein, he asked the appellate court to vacate the filing injunction and vacate the orders discussed above.[2]

4. **Writ of Mandamus**. Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361.[3] The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted).

5. **Discussion**. As noted by the appellate court, "Noble can potentially obtain review of the District Court's enforcement of the filing injunction via a mandamus petition." *In re Noble*, 2016 WL 5853269 at *2. Indeed, Noble relied upon this statement in filing the instant petitions. Noble, however, did not consider the next sentence of the opinion.

---

[2]Noble also sought my recusal.

[3]To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

> Noble cannot show that, in enforcing the filing injunction, the District Court "engaged in an 'unlawful exercise of its prescribed jurisdiction' or failed to 'exercise its authority when it was its duty to do so.'" *Hong Mai Sa v. Doe*, 406 F.3d 155, 159 (2d Cir. 2005) (alterations omitted) (quoting *Richardson Greenshields Secs., Inc.*, 825 F.2d 647, 652 (2d Cir. 1987)). The filing injunction barred Noble from filing civil rights complaints in the United States District Court for the District of Delaware without that court's prior approval, and Noble has not established that his action was improperly dismissed under the filing injunction.

*In re Noble*, 2016 WL 5853269 at *2.

6. Upon review of the petition, the court concludes that Noble failed to support his burden to demonstrate that this court engaged in an unlawful exercise of its prescribed jurisdiction or failed to exercise its authority when it was its duty to do so. *See e.g.*, Hong Mai Sa, 406 F.3d at 158-89. Mandamus relief is not warranted.

7. **Conclusion**. For the above reasons the court will deny the petition for writ of mandamus. A separate order shall issue.

Dated: January 23, 2017

UNITED STATES DISTRICT JUDGE