IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THOMAS E. NOBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 03-906-SLR |
| | ) | |
| JUDGE EDWARD R. BECKER, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| THOMAS E. NOBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-406-SLR |
| | ) | |
| JOHN SEBASTIAN, | ) | |
| | ) | |
| Respondent. | ) | |
| THOMAS E. NOBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-407-SLR |
| | ) | |
| THE STATE OF DELAWARE and | ) | |
| GOVERNOR JACK MARKELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

1. **Introduction.** Plaintiff/petitioner Thomas E. Noble ("Noble") filed identical petitions for writ of mandamus in the three above-captioned cases. (Civ. No. 03-906-SLR at D.I. 13; Civ. No. 16-406-SLR at D.I. 29; Civ. No. 16-407-SLR at D.I. 20) On January 23, 2017, the court denied the petitions. (Civ. No. 03-906-SLR at D.I. 15; Civ.

No. 16-406-SLR at D.I. 31; Civ. No. 16-407-SLR at D.I. 22) Noble moves for reconsideration of the January 23, 2017 orders. (Civ. No. 03-906-SLR at D.I. 18; Civ. No. 16-406-SLR at D.I. 39, D.I. 40; Civ. No. 16-407-SLR at D.I. 25) He has also filed amended petitions for writ of mandamus. (Civ. No. 03-906-SLR at D.I. 20; Civ. No. 16-406-SLR at D.I. 42; Civ. No. 16-407-SLR at D.I. 26)

2. **Motion for Reconsideration.** The court will deny the motions for reconsideration. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

3. Noble moves for reconsideration on the grounds that Noble "pre-disqualified" the undersigned after he filed notices of conflicts of interests, he seeks solely declaratory relief, the State did not oppose his petitions, and mandamus relief is appropriate. The court has reviewed Noble's petitions for writ of mandamus and considered his position in the instant motion. In doing so, the court finds that Noble has failed to demonstrate grounds for reconsideration and, therefore, his motions will be denied.

2

4. **Amended Petitions for Writ of Mandamus**. The court will deny the amended petitions for writ of mandamus. On February 2, 2017, Nobles filed amended petitions for writ of mandamus "once as a matter of course." The main difference between the original petitions and the amended petitions is that the amended petitions seek declaratory relief, while the original petitions did not contain prayers for relief, and appeared to seek to preclude enforcement of a 2004 order that enjoins Noble from filing pro se civil rights complaints in this court without prior court approval. The amended petitions seek declaratory relief that: (1) the 2004 order enjoining Noble from filing pro se civil rights complaints without prior approval of the court is unconstitutional on its face; (2) the undersigned should not have been assigned to his cases after Noble's "pre-disqualification;" (3) an impartial judge should have promptly issued a writ of habeas corpus in response to Noble's hybrid petition-complaint; (4) the State of Delaware wrongfully prosecuted Noble; (5) the State's "dealing in child pornography" statute is unconstitutional on many levels and it is applied in an unconstitutional manner; (6) the State of Delaware committed crimes and other illicit acts to oppress and falsely convict Noble; and (7) what Noble did was "in fact no crime recognizable by constitutional law" and to grant Noble leave to file a related lawsuit for damages. (D.I. 20, declaratory relief requested)

5. Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United

States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361.[1] "The writ of mandamus is a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996) (citations and internal quotation marks omitted).

6. The mandamus relief Noble seeks is not available to him. First, Noble could have obtained the relief sought through the normal appeal process. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 219 (3d Cir. 2003); *see also In re Noble*, 663 F. App'x 188 (3d Cir. 2016) (unpublished). The court observes that, at present, Noble has sought such relief in Civ. No. 16-406-SLR. Second, with regard to relief directed towards actions taken by State Courts, this court does not have jurisdiction to issue a writ of mandamus. *See Davis v. Noble*, __ F. App'x __, 2017 WL 838639, at *2 (3d Cir. Mar. 3, 2017) (unpublished). Finally, Noble, as a serial litigator, is well aware of the steps he must take to file a civil rights complaint in this court.

7. Upon review of the petition, Noble has failed to support his burden to demonstrate that this court engaged in an unlawful exercise of its prescribed jurisdiction or failed to exercise its authority when it was its duty to do so. *See e.g., Hong Mai Sa* v.

---

[1] To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

Doe, 406 F.3d 155, 158-89 (2d Cir. 2005). Mandamus relief is not warranted and, therefore, the amended petitions will be denied.

8. **Conclusion**. For the above reasons, the court will deny the: (1) motions for reconsideration (Civ. No. 03-906-SLR at D.I. 18; Civ. No. 16-406-SLR at D.I. 39, D.I. 40; Civ. No. 16-407-SLR at D.I. 25); and (2) the amended petitions for writ of mandamus (Civ. No. 03-906-SLR at D.I. 20; Civ. No. 16-406-SLR at D.I. 42; Civ. No. 16-407-SLR at D.I. 26). A separate order shall issue.

Dated: May 5, 2017

Senior United States District Judge

5